PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACY B. PATTERSON, | ) |
|     Plaintiff, | ) CASE NO. 1:16CV0420 |
| v. | ) JUDGE BENITA Y. PEARSON |
| NANCY A. BERRYHILL,[1] ACTING COMMISSIONER OF SOCIAL SECURITY | ) |
|     Defendant. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 21] |

An Administrative Law Judge ("ALJ") denied Plaintiff Stacy B. Patterson's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") after hearings held on February 18, 2015 and June 24, 2015 in the above-captioned case. That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision. The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Kathleen B. Burke for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1). After both parties filed briefs, the magistrate judge submitted a Report and

---

[1] Carolyn W. Colvin was the original Defendant. She was sued in an official capacity as a public officer. On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Berryhill's name has been automatically substituted as a party.

(1:16CV0420)

Recommendation (ECF No. 20) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence, and recommending the Commissioner's decision denying benefits be affirmed.

**I.**

When the magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, in order to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes whether substantial evidence supports the Commissioner's decision. The Court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978); *Brown v. Astrue*, 649 F.3d 193, 195-96 (3d Cir. 2011) (discussing the standard of review a district court should apply when reviewing a magistrate judge's findings in an SSI claim). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must

(1:16CV0420)

affirm the decision even if it would decide the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.* (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determining whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The court must also consider whether the Commissioner employed the proper legal standards. *Queen City Home Health Care Co. v. Sullivan*, 978 F.2d 236, 243 (6th Cir. 1992).

In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Hines v. Comm'r of Soc. Sec.*, No. 13-12568, 2014 WL 3819329, at * 2-3 (E.D. Mich. Aug. 4, 2014). Under 42 U.S.C. § 1381, disabled individuals who meet certain

3

(1:16CV0420)

income and resources requirements are entitled to SSI benefits. 20 C.F.R. §§ 416.1100 and 416.1201.

Plaintiff's disability claim is based mainly upon back pain and chronic kidney disease. In order for the Commissioner to find that a plaintiff suffers from a disability for which he should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that:

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).

**II.**

The Court has reviewed the Report and Recommendation (ECF No. 20) *de novo*. The Court has also considered Plaintiff's Objections (ECF No. 21) and Defendant's Response (ECF No. 22). Plaintiff objects to the magistrate judge's finding that "the ALJ did not err by failing to discuss Plaintiff's Chronic Kidney Disease." ECF No. 21 at PageID #: 1238. Plaintiff argues the Report and Recommendation's finding that the ALJ's overall conclusion is supported by substantial evidence did not excuse the ALJ's duty to address the medically determinable impairments established by the record pursuant to 20 C.F.R. §§ 404.1520 and 416.920 and SSR 85-28 and 96-3P. For the reasons set forth below, this objection lacks merit.

4

(1:16CV0420)

Initially, the Court notes that Plaintiff mischaracterizes the magistrate judge's finding. The magistrate judge found "[t]he ALJ did not err when she found that Patterson's kidney issues did not cause [an impairment that limited his ability to perform work-related functions]." ECF No. 20 at PageID #: 1233.

A review of the ALJ's written decision (ECF No. 11 at PageID #: 141-61) reveals that she reviewed the record in this case, and stated she considered all impairments, the entire record (ECF No. 11 at PageID #: 147, 150), and all symptoms (ECF No. 11 at PageID #: 150). At step 2 of the sequential evaluation process set out in 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found that Plaintiff's chronic kidney disease was not "severe" within the meaning of the second sequential step:

> There is no substantial evidence of any other impairment that is "severe." Imaging in September 2014 demonstrated a renal lesion ([ECF No. 11 at PageID #: 813-14] and [ECF No. 11 at PageID #: 855]). Upon follow-up, it was determined to be renal cell carcinoma ([ECF No. 11 at PageID #: 972]). A left radical nephrectomy was recommended and performed in May 2015 ([ECF No. 11 at PageID #: 1003]). However, the claimant quickly improved ([ECF No. 11 at PageID #: 1042-52]). There was no evidence that the cancer spread or any evidence of recurrence. Therefore, the undersigned finds that this impairment was not severe for at least 12 months and is not expected to continue to result in more than minimal limitations in work-related functioning.

ECF No. 11 at PageID #: 148-49. Plaintiff cites to his testimony during the June 24, 2015 hearing that the loss of his kidney caused physical and mental symptomology. Transcript (ECF No. 14 at PageID #: 1112-13). An ALJ is not "required to discuss each piece of data in its opinion, so long as [she] consider[s] the evidence as a whole and reach[es] a reasoned conclusion." *Boseley v. Comm'r of Soc. Sec. Admin.*, 397 Fed.Appx. 195, 199 (6th Cir. 2010); *Paskewitz v. Astrue*, No. 1:11CV2371, 2012 WL 5845357, at *11 (N.D. Ohio Oct. 29, 2012)

5

(1:16CV0420)

(Burke, M.J.) (finding "the failure of the ALJ to reference certain pieces of evidence, standing alone, does not constitute reversible error") *report and recommendation approved*, No. 1:11CV2371, 2012 WL 5845370 (N.D. Ohio Nov. 19, 2012) (Polster, J.).

In addition, the Sixth Circuit's standard for evaluating pain is based on the factors set forth in 20 C.F.R. § 416.929(c)(2). Under the regulations, a claimant's "subjective allegations of disabling symptoms, including pain, cannot alone support a finding of disability." *Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 852 (6th Cir. 1986) (citing 20 C.F.R. § 404.1529); *see also* 42 U.S.C. § 423(d)(5)(A) (Congress mandates that a social security applicant's subjective complaints of "pain or other symptoms shall not alone be conclusive evidence of disability. . . ."). As a result, Plaintiff's testimony about his pain levels and other symptoms almost seven weeks after the left radical nephrectomy, while relevant to determining whether he is under a disability, cannot by itself establish that he is under a disability. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). There must also be objective medical evidence of an underlying condition supporting allegations of pain. *Duncan*, 801 F.2d at 852. Plaintiff cites to progress notes made by Dr. Amitkumar Patel, M.D. two days after the left radical nephrectomy was performed (ECF No. 11 at PageID #: 1024-25). As the ALJ found, Plaintiff quickly improved. *See* Medical Records (ECF No. 11 at PageID #: 1042-56). Dr. Patel remarked four days after the operation that Plaintiff's "[p]ain [is] under good control." Progress Notes (ECF No. 11 at PageID #: 1052).

**III.**

Accordingly, Plaintiff's Objections (ECF No. 21) are overruled and the Report and

(1:16CV0420)

Recommendation ([ECF No. 20](#)) is adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment will be entered in favor of Defendant.

     IT IS SO ORDERED.

| | |
|---|---|
|  June 28, 2017 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |